IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AROR-ARK O'DIAH,<br><br>   Plaintiff,<br><br>   v.<br><br>DISCOVER BANK, *et al.*,<br><br>   Defendants.<br>———————————————— / | No. C 19-00816 WHA<br><br>No. C 19-01854 WHA |
| AROR-ARK O'DIAH,<br><br>   Plaintiff,<br><br>   v.<br><br>JUDGE WILLIAM DUANE BENTON, *et al.*,<br><br>   Defendants.<br>———————————————— / | **ORDER DENYING MOTIONS TO VACATE** |

This order addresses two motions to vacate filed by *pro se* plaintiff Aror-Ark O'Diah in the matters of *O'Diah v. Discover Bank, et al.*, Case No. 19-00816, and *O'Diah v. Judge William Duane Benton, et al.*, Case No. 19-01854.

On February 14, 2019, in *O'Diah v. Discover Bank, et al.*, Case No. 19-00816, plaintiff filed suit against twelve defendants, including Discover Bank and its operations managers; New York-Presbyterian Lower Manhattan Hospital and associated employees; Weill Cornell Medicine; New York Medical and Diagnostic Center; New York Human Resources

Administration; two New York State Office of Temporary and Disability Assistance officials; and the Social Security Administration (Case No. 19-00816; Dkt. No. 1). In that action, an order dated May 7 adopted Judge Elizabeth Laporte's report and recommendation in full and dismissed plaintiff's claims against all defendants except those related to plaintiff's appeal of a Social Security decision, which were transferred to the United States District Court for the Eastern District of New York (*id.*; Dkt. No. 21).

On April 5, in *O'Diah v. Judge William Duane Benton, et al.*, Case No. 19-01854, plaintiff filed suit against forty-six defendants, among whom are federal judges, heads of federal agencies, employees of state and local agencies in New York, and various corporate entities (Case No. 19-01854; Dkt. No. 1). On April 29, a prior order issued by the undersigned judge related this action to the one discussed above, Case No. 19-00816 (*id.*; Dkt. No. 8). In *O'Diah v. Judge William Duane Benton, et al.*, Case No. 19-01854, an order dated May 15 dismissed all of plaintiff's claims. A final judgment ruled for all defendants (*id.*; Dkt. Nos. 10–11). On May 17, plaintiff appealed and moved to vacate the judgment pursuant to Rule 60. On June 14, an order vacated the hearing on plaintiff's motion to vacate. On July 3, plaintiff filed a renewed motion to vacate (*id.*; Dkt. Nos. 13–14, 25–26).

Rule 60(b) sets forth the grounds for relief from a final judgment, including in relevant part:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud (whether previously called intrinsic or extrinsic), representation, or misconduct by an opposing party.

**1. O'DIAH V. DISCOVER BANK, ET AL.**

In *O'Diah v. Discover Bank, et al.*, Case No. 19-00816, plaintiff's motion to vacate includes sweeping allegations of conspiracy and "retaliatory and discriminatory acts" (Case No. 19-00816; Dkt. No. 26 at 2). Plaintiff contends that "newly discovered evidences" shows that Defendants Discover Bank, Judge Sandra Feuerstein, and Judge Pamela Chen "corruptly pressured" the undersigned judge to dismiss the action in a prior order (*id.* at 9). Plaintiff, however, fails to disclose the nature of this supposed new evidence. Rest assured that no

2

pressure, corrupt or otherwise, had anything to do with the dismissal. In addition, plaintiff asserts that the undersigned judge dismissed the action "via fraud" and "deliberate misrepresentation in disguise" and characterizes a prior order's transfer of his Social Security claims to the United States District Court for the Eastern District of New York as "corruptly designed to deny and deprived" plaintiff of "equal protection" (*id.* at 9–10). Considering that plaintiff provides no support for his allegations of fraud and misconduct other than his characterizations, plaintiff's broad conspiracy allegations fail to meet the Rule 60(b) standard and do not warrant reopening the case.

### 2. O'DIAH V. JUDGE WILLIAM DUANE BENTON, ET AL.

In *O'Diah v. Judge William Duane Benton, et al.*, Case No. 19-01854, plaintiff's memorandum in support of his motion to vacate broadly alleges, *inter alia*, that newly discovered evidence reveals instances of fraud, judicial conspiracy, obstruction of justice, and "reckless disregard for the truth via deliberate misrepresentation" (Case No. 19-01854; Dkt. No. 15 at 16–17). Specifically, plaintiff contends that Judge Elizabeth Laporte used "corrupted practices in disguise" and "fraud in disguise" when she "back dated" her report and recommendation and influenced the undersigned judge to dismiss the instant action (*id.* at 14–15). Plaintiff alleges that Judge Laporte acted "in bad faith via extrajudicial conspiracies" and "reckless disregard for truth" when she wrote and mailed the "false" report and recommendation (*id.* at 16–17). Plaintiff also questions whether or not Judge Laporte had jurisdiction over the action (*id.* at 18). Given that the alleged misconduct pertains solely to the related case discussed above, Case No. 19-00816, plaintiff's contentions are not relevant to the instant motion. Moreover, these allegations fail to meet the Rule 60(b) standard for the same reasons stated above — namely, plaintiff provides no factual support for these sweeping allegations.

For the foregoing reasons, the motions to vacate are **DENIED**.

\* \* \*

To date, in *O'Diah v. Discover Bank, et al.*, Case No. 19-00816, plaintiff's claims against all defendants except for those related specifically to his appeal of the Social Security

3

administrative law judge's decision regarding his date of disability have been dismissed without prejudice.  His Social Security claims were transferred to the United States District Court for the Eastern District of New York (Case No. 19-00816; Dkt. Nos. 21–22).  In *O'Diah v. Judge William Duane Benton, et al.*, Case No. 19-01854, final judgment has been entered in favor of all defendants and the file closed (Case No. 19-01854; Dkt. No. 11).

**IT IS SO ORDERED.**

Dated: August 9, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE